UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONID DUBINSKIY, NADEZHDA DUBINSKIY, | CIV-F-10-0735 AWI GSA |
| Plaintiffs, | ORDER DISMISSING CASE |
| v. | |
| AURORA LOAN SERVICES; COUNTRYWIDE HOME LOANS, INC.; SANTA CRUZ MORTGAGE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CAL-WESTERN RECONVEYANCE CORP.; and DOES 1-250, | |
| Defendants. | |

**I. History**

Plaintiffs Leonid and Nedezhda Dubinskiy reside at 7843 N. Backer Ave., Fresno, CA 93720. They purchased their home with a mortgage obtained on March 3, 2005. Plaintiffs alleged that Defendant Aurora Loan Services LLC ("Aurora") was the lender. However, other allegations imply that Defendant Santa Cruz Mortgage Company, Inc. ("Santa Cruz") may have been the lender. The Deed of Trust recorded March 11, 2005, identifies Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. Plaintiffs fell behind on their mortgage payments. Defendant Cal-Western Reconveyance Corporation ("Cal-Western") filed a Notice of Default, recorded April 27, 2009. Defendant Cal-Western filed a Notice of Trustee Sale, recorded August 6, 2009 that set August 25, 2009 as the date of public auction of the

property.  Plaintiffs have also named as a Defendant, Countrywide Home Loans, Inc. ("Countrywide"), but do not explain how that entity is at all connected to these series of events.

      Proceeding without legal representation, Plaintiffs filed suit in Superior Court, County of Fresno, on September 22, 2009. A first amended complaint was filed in state court on March 23, 2010. Doc. 1, Part 1.  The complaint is comprised of eight causes of action: 1) the federal Truth in Lending Act; 2) California's Rosenthal Fair Debt Collection Practices Act; 3) negligence; 4) the federal Real Estate Settlement Procedures Act; 5) breach of fiduciary duty; 6) fraud; 7) California's Unfair Competition Law; and 8) breach of the implied covenant of good faith and fair dealing.  The complaint includes a number of inchoate allegations regarding a scheme to infuse capital into the home mortgage lending system which resulted in the invalid transfer of beneficial interest to third parties through MERS (who allegedly does not have the authority to operate in California), questioning whether Plaintiffs were provided legal tender as part of the mortgage, and questioning whether the original promissory note or a substitute note was recorded.  Defendant Countrywide removed the case to the Eastern District of California, based on federal question jurisdiction.

      Defendants Countrywide, Aurora, and MERS filed motions to dismiss pursuant to Fed. Rule Civ. Proc. 12(b)(6).  Plaintiffs filed neither an opposition or a notice of non-opposition.  By order of November 29, 2010, Plaintiffs' complaint was dismissed without prejudice.  Plaintiffs were given twenty eight days to file an amended complaint and to show cause why Defendant Santa Cruz should not be dismissed for failure to serve.  Plaintiffs have neither filed an amended complaint or communicated with the court in any way.

**II. Legal Standards**

    A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006), quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

### III. Discussion

Weighing the relevant factors, the court finds dismissal for lack of prosecution appropriate.  This suit can not proceed without the participation of Plaintiffs.  "The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  Plaintiffs have neither filed an amended complaint nor explained why Defendant Santa Cruz has not been served.  Plaintiffs did not file any response to the various motions to dismiss.  In fact, Plaintiffs have made no filings whatsoever since the case was removed to federal district court.  "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." Malone v. United States Postal Service, 833 F.2d 128, 131 (9th Cir. 1987).  In this case, Plaintiffs have provided no explanation for the lack of prosecution.  Dealing with the case on its merits is impossible without the cooperation of Plaintiffs.

### IV. Order

Accordingly, this action is DISMISSED with prejudice for Plaintiff's failure to prosecute.  The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated:     February 8, 2011                              _____
                                                          CHIEF UNITED STATES DISTRICT JUDGE