UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONID DUBINSKIY, NADEZHDA DUBINSKIY,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>AURORA LOAN SERVICES; COUNTRYWIDE HOME LOANS, INC.; SANTA CRUZ MORTGAGE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CAL-WESTERN RECONVEYANCE CORP.; and DOES 1-250,<br><br>　　　　Defendants. | CIV-F-10-0735 AWI GSA<br><br>ORDER RE: MOTION TO EXPUNGE LIS PENDENS AND REQUEST FOR ATTORNEY'S FEES |

　　Plaintiffs Leonid and Nadezhda Dubinskiy purchased a home at 7843 N. Backer Ave., Fresno, CA 93720. They obtained a mortgage on March 3, 2005. Defendant Aurora Loan Services LLC ("Aurora") was the lender. However, other allegations imply that Defendant Santa Cruz Mortgage Company, Inc. ("Santa Cruz") may have been the lender. The Deed of Trust recorded March 11, 2005, identifies Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. Plaintiffs fell behind on their mortgage payments. Defendant Cal-Western Reconveyance Corporation ("Cal-Western") filed a Notice of Default, recorded April 27, 2009. Defendant Cal-Western filed a Notice of Trustee Sale, recorded August 6, 2009 that

1

set August 25, 2009 as the date of public auction of the property.  Plaintiffs have also named as a Defendant, Countrywide Home Loans, Inc. ("Countrywide"), but do not explain how that entity is at all connected to these series of events.

    Proceeding without legal representation, Plaintiffs filed suit in Superior Court, County of Fresno, on September 22, 2009. A first amended complaint was filed in state court on March 23, 2010. Doc. 1, Part 1.  The complaint is comprised of eight causes of action: 1) the federal Truth in Lending Act; 2) California's Rosenthal Fair Debt Collection Practices Act; 3) negligence; 4) the federal Real Estate Settlement Procedures Act; 5) breach of fiduciary duty; 6) fraud; 7) California's Unfair Competition Law; and 8) breach of the implied covenant of good faith and fair dealing.  The complaint includes a number of inchoate allegations regarding a scheme to infuse capital into the home mortgage lending system which resulted in the invalid transfer of beneficial interest to third parties through MERS (who allegedly does not have the authority to operate in California), questioning whether Plaintiffs were provided legal tender as part of the mortgage, and questioning whether the original promissory note or a substitute note was recorded.  Defendant Countrywide removed the case to the Eastern District of California, based on federal question jurisdiction.

    Defendants Countrywide, Aurora, and MERS filed motions to dismiss pursuant to Fed. Rule Civ. Proc. 12(b)(6).  Plaintiffs filed neither an opposition or a notice of non-opposition.  By order of November 29, 2010, Plaintiffs' complaint was dismissed without prejudice.  Plaintiffs were given twenty eight days to file an amended complaint and to show cause why Defendant Santa Cruz should not be dismissed for failure to serve.  Plaintiffs neither filed an amended complaint or communicated with the court in any way.  For failure to prosecute, the case was dismissed with prejudice on February 8, 2011.

    Defendant Aurora has now made a motion to have the lis pendens expunged and seeks attorney's fees.  "A party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." Cal. Code Civ. Proc. §405.20. A court will expunge this lis pendens notice under a number of situations, among them: (1) the pleading on which the notice is based does not contain a real property claim, (2) the claimant has

not established by a preponderance of the evidence the probable validity of the real property claim, or (3) the real property claim has probable validity, but adequate relief can be secured to the claimant by the giving of an undertaking. Cal. Code Civ. Proc. §§405.31, 405.32, 405.33. The claimant who recorded the notice has the burden of proof in a motion to expunge. Cal. Code Civ. Proc. §405.30.  Plaintiffs have filed no opposition to this motion.  Plaintiffs' claims were dismissed with prejudice for failure to prosecute.  Expungement of the lis pendens is proper.

      Defendant Aurora also seeks $3,037.50 in attorney's fees and costs.  Cal. Code Civ. Proc. §405.38 states "The court shall direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust."  These cases brought by homeowners seeking to stave off foreclosure are unhappy affairs for all involved.  "Under the circumstances here, an award of fees and costs is unjust, especially given [plaintiff's] inability to pay her mortgage." Adams v. SCME Mortg. Bankers, Inc., 2009 U.S. Dist. LEXIS 46600, 35-36 (E.D. Cal. May 22, 2009).

      It is ordered that the Notice of Pendency of Action (Lis Pendens) regarding 7843 North Backer Ave., Fresno, CA 93720; Assessor's Parcel No. 404-510-09 is expunged in accordance with Cal. Code. Civ. Proc. §405.31. Defendant Aurora's request for attorney's fees and costs is denied.

IT IS SO ORDERED.

Dated:   August 12, 2011                               _____
                                                                           CHIEF UNITED STATES DISTRICT JUDGE